I am saying Pleitez your honor. Okay. May it please this honorable court. My name is Edward Millett. I represent Francisco Guerra Evani Pleitez, age 36, who entered a plea of guilty to count one of a conspiracy to engage in commercial sex trafficking. His guidelines were initially calculated at 210 to 240 months. He cooperated, gave substantial assistance. The government filed a motion for reduction under 5K, recommending a three-level downward departure. The court gave only two levels and then gave him the top of his recalculated guidelines, which meant that he got the bottom of the original guidelines and the top of the new guidelines. How many months did he get? 210, your honor, instead of the 188 recommended by the government. Okay. The issues on appeal are, first, did Pleitez waive his appeal? And, second, did the district court violate Mr. Pleitez's constitutional and statutory rights to effective assistance of counsel when it substantially increased the restitution order in an ex parte proceeding? On the first, I think it's fairly simply answered. In his plea agreement, while there was a waiver of appeal, the language of the agreement expressly states on page 4 at record 125, defendant does not waive the right to claim to raise a claim of ineffective assistance of counsel on direct appeal. Likewise, in the plea of guilty colloquy, the court assured him, do you understand, at record 335, under some circumstances, you or the government may have the right to appeal any sentence that the court imposes. We believe these are those circumstances. In the pre-sentence investigation report, it was reported to the court the defendant retained the right to claim ineffective assistance of counsel in the appropriate forum. Respectably, this is the appropriate forum. He is making a claim of ineffective assistance of counsel. The second question. Whatever. I'm sorry. Go ahead. Are we talking about the difference between $90,000 that was what was recommended in the third addendum and the 113 in round figures that was recommended in the fourth addendum? Is that really what we're arguing about? Not entirely, but, Your Honor, I can understand how the court could read the record that way because in the initial statement of reasons, the defendant, the court recites that it will defer ruling for 90 days, and it provides there that the co-defendants have been ordered to pay the $90,000. Wouldn't shock the conscience to think that your interpretation is absolutely correct. On the other hand, the relevant statute provides that there should be a determination of proper restitution by the court, and respectfully, we believe that that contemplates a hearing that 18 U.S.C. 3664 indicates that the court should set a date for a restitution hearing. So other than the $490 ordered in the first judgment, respectfully, we believe that at a restitution hearing, this judge or another judge determining restitution would have the whole range available. I thought there was a hearing after the third addendum. I mean, didn't the defendant counsel object based on the fact that the work was illegal work and they were illegal aliens? He objected in writing, and he argued to the court at the original sentencing that the probation officer's methodology for calculating restitution was incorrect. However, he then moved to withdraw. He was granted leave to withdraw. Probation department filed a fourth addendum. On the day probation filed a fourth addendum, the court entered another judgment, raising it to the 113, and then I was appointed on appeal. Why didn't the procedure leave? Wasn't it a little premature for the lawyer to get out? Was it their disagreement between the client and the attorney, or was this routine to let the lawyer be excused from his appointment before the final judgment was signed by the court? Respectfully, Your Honor, all of you have been judges for a long time, and it is unusual. What it appeared to a reader, since we're talking about what is routine and what is not routine, but to me, as the lawyer reviewing the record, it appealed to the period that each time Mr. Saper found fault with the probation office calculation, they came back with a new calculation that raised the punishment. He didn't seem to be accomplishing very much for his client because the recommendation of probation went up, which each succeeding addendum into the fourth addendum that was filed during that gap after Mr. Saper was granted his leave to withdraw in an order in which Judge Hittner, my friend by the way, good judge. This is not an attack on Judge Hittner. He's very good to me. But in his order, he said new counsel will be appointed on appeal, and that is me. So he raised the restitution actually stated at the hearing on sentencing from 490 to a statement of reasons referencing the restitution ordered by the co-defendants for the co-defendants, and then he entered the final amended judgment after counsel was allowed to be excused. But he did have an opportunity to object to the 113 by brief. No, I believe that he was excused from the case before the fourth. No, no, on the third, at the third addendum, after the third, the one third, the 90, the 90,000. I mean, at some point he – Yes, that is correct. The 90,000 appears in the third addendum as a number that they are now coming with. And he filed a brief opposing that on the grounds I mentioned. That's correct. And then it was ruled on, but not ruled on with a resentencing hearing. There was not a sentencing, but it was ruled on, and he was denied relief. You're absolutely correct, Your Honor. But your allegation of ineffectiveness doesn't kick in until the fourth addendum, right? You're saying there was no hearing on the last addendum? That's correct. When the amended – when the amendment of restitution and the amended judgment was determined, there was not a lawyer and not a hearing. And you don't raise in your brief any objections to the $90,000? Do not. Okay. No, it's acknowledged. Has any court ever held that in a situation like this, counsel must be provided? Well, I think it's almost universally held that defendants have a right to be present at all material stages of the proceeding. And this Court has held in the Moree case and ratified more recently in another decision cited in the brief that when – that's the Clark case – ratified the principle in 2016 that before the entry of the – because the entry of the amended judgment was not the imposition of a sentence that made this case more onerous, Clark's presence was not required. Now, in the Moree case that this Court relied on in Clark, it was reversible to enhance or raise or make the sentence more onerous in a proceeding in which the defendant was not present. So there is precedent in the circuit. For a hearing. That's correct. For counsel to be present, not just the defendant. That's correct. Well, of course, any proceeding that affects a defendant's is entitled to assistance of counsel. And – Can we make a – or is there a distinction? I guess the sentence punishment part did not change. What changed was the restitution part. Is there a difference about the importance of having counsel present at a punishment part versus the issue of restitution? The restitution is part of the monetary penalty. It's a part of the sentencing in the case. I believe, not having been a judge, but I anticipate that a trial judge would have some interplay in his mind as he evaluates the seriousness of an offense and the appropriate sanction to be imposed, to consider both the money taken, the fine that should be assessed, the wrong that is done. It is all a part of the judgment that a court will determine the confinement, if any, or probation, and the monetary penalties. They are a common single document. So I cannot imagine it being a constitutional rule of law that a defendant must not have a right to be present and represented unless waived when his punishment is enhanced from the punishment set at the hearing at which he was present. But you're just talking about restitution today. That's correct, Your Honor. I'll reserve my five minutes, then, for rebuttal. Thank you. Okay. Thank you. Mr. Berry. May it please the Court. Mr. Millett. Richard Berry for the United States. Let me just ask you something preliminarily. Yes, sir. This guy got 210 months. Yes, sir. Is there any likelihood at all that these victims will collect any of this restitution? Essentially zero, Your Honor. The PSR says he has no assets, he has no income. His only work in this country was as a pimp, if you'll excuse the expression. And as soon as he finishes his 210 months or 17 1⁄2 years, he's going to be deported to El Salvador. He is here illegally, he is a citizen of El Salvador, and he will be sent back. So the honest and simple answer is essentially zero. You know, just reading the briefs, it seemed to me the fair thing to do here would be just to vacate the $113,000 award and reinstate the $90,000 award. I mean, the defendant didn't raise any objection to the $90,000 award, and he had a chance to object to that. Could the government agree to that? Your Honor, if I may, in theory, yes. In practice, if I may, it's a fairly lengthy answer to your question, and if I may, I'll address it more fully. There was a 31-page sentencing hearing in front of Judge Hittner. The whole issue of restitution came up. Well, let me set the stage for that. The day before Plaitez was sentenced, two of his co-defendants were sentenced, and Mr. Saper was present for the co-defendant's sentencing, so he had actual knowledge that three of the sex-trafficking victims had submitted victim impact statements. At Mr. Plaitez's sentencing, there was a lengthy discussion about restitution. Judge Hittner said, I'm going to enter an order of restitution now, and then he thought about the issue for a bit and realized that there was no contest as to the small amount and there was a contest as to two of the other sex-trafficking victims and said, I will defer that. There's a docket entry in the record, and Judge Hittner stated from the bench, I'm going to defer a ruling on restitution until I get some research from probation. But probation had given him and defense counsel, him, Judge Hittner, and defense counsel, copies of the victim impact statements, which included calculations as to the restitution that was being claimed. After the sentencing hearing, which was the 17th, the judgment wasn't entered until the 24th. The statement of reasons attached to the judgment also says the court will defer ruling on restitution as to two of the sex-trafficking victims for a period of up to 90 days. So there's the oral pronouncement, there's the docket entry, and there's the notice on the statement of reasons that the court is going to defer ruling on restitution. The third addendum was filed on the 24th, the same day that the judgment was filed by the district clerk's office. The original judgment has restitution of only $490. On the 24th, the statement of reasons and the judgment is filed. The next day, Mr. Saper files objections to the third amendment to the PSR, which had been — I beg your pardon, which was also filed on the 24th. Mr. Saper filed objections on the 25th. The third addendum explains the restitution calculations in some details and, in essence, addresses Mr. Saper's oral objections at the sentencing hearing as to restitution to the two other sex-trafficking victims. On the 25th, Mr. Saper files objections to the PSR, setting out that he didn't have notification, that it's not clear what the amounts are based on, and that it's not clear why he's jointly and severally liable with two of his three — five co-defendants. The 26th, the very next day, Mr. Saper files a notice of appeal. Now, I respectfully submit that if Judge Hittner had granted his objections to the third addendum to the PSR, they would not be arguing that the notice of appeal would strip the district court of jurisdiction. In essence, Plitt is trying to have his cake and eat it, too. Well, but wasn't the third addendum amount predicated on the Fair Labor Standards Act and not on actual earnings? I mean, it seems to me like the fourth addendum kind of changed the method of computation. So, I mean, am I right about that? Wasn't the computation in the third addendum based on the — is it the FLSA? The third addendum is based in part on the FLSA. The fourth addendum is a response to Saper's objections to the third addendum, noting that under the FLSA, under the Victim Witness Protection Act, there are a variety of means of calculating restitution, and that it should be the higher of the gain to the defendants or the Fair Labor Standards Act, the probation officer. But did he have a chance to object to that, though? He did have a chance to object to the Fourth Amendment because it was filed on September the 6th. Mr. Millett was — Mr. Saper was released from the case on August the 30th. On September the 6th, the fourth addendum was filed, and the Court ordered restitution in the increased amount, $113,000. But he never had a chance to object to that increased amount based on this new calculation method is the way it struck me. I respectfully submit that he did, Your Honor, because the district clerk reentered that amended judgment on September 9th, and it was reentered in advance of the time that Mr. Millett was appointed on the case. On page 13 of the record in the docket sheet, which is obviously in chronological order, Mr. Millett is appointed, and then there's a CJA form to allow him to be paid, and then the court reentered — the clerk reentered the amended judgment for the $113,000. All on the same day? All on the same day. That's not much of a chance to object. No, sir, Your Honor, but it would have been a chance to file a motion to abate the notice of appeal and ask for rehearing just as to restitution if you had wanted to. But I respectfully submit at this sentencing hearing there's a fairly full and open discussion of the original $90,000 and a discussion of the alternate methods of calculating the restitution. Would you? So you're saying Staper had the time to object or Mr. Mallett? Mr. Millett had a chance to object because the — Because he was already appointed by them. The order he's complaining of right now was entered earlier on the same day that he was appointed. All right. And although I admire — I thought you meant the CJA form for Mr. Saper to get paid, but you're talking about going forward. No, no. On page 13 of the ROA, Mr. Millett was appointed, and then the next entry is the CJA form for Mr. Millett to be paid. And the next following entry is the amended judgment. There's no requirement that the court have a hearing. Is that correct? I mean, it's not required that if there's an addendum, the court must have a hearing and give them an opportunity to respond. Your Honor, I'm not aware of one, either statutorily or in case law. But again, I would respectfully submit that it all happened on the same day. If there was an issue, they could have resolved that right there in the district court, simply asked for a — to obey the notice of appeal and reopen the sentencing just as to restitution. And then if Judge Hittner had denied the request to reopen sentencing, then they could proceed with the appeal. I mean, you know, the rules give a defense lawyer 10 days' notice, doesn't it? You get the PSR 10 days — Yes, sir, Your Honor.  I mean, that's a pretty tough burden to place on the lawyer to — look, you object the same day the amended order comes out. No, sir, Your Honor. I'm not saying he had to object the same day. He claimed at the time of Pleitez's sentencing that he had only had — he was only aware of the restitution for 24 hours because he had defended — he had attended, I'm sorry, a co-defendant's sentencing. He could have asked for a continuance on Pleitez's sentencing. There were five more defendants, Judge Hittner was intimately familiar with the case and obviously interested in the outcome of the case, as indicated by his comments at sentencing about how much of a downward departure he was going to grant and what his selection of sentence was going to be and why he selected that specific sentence. So at the original sentencing, Mr. Saper could have asked for a continuance and addressed restitution at a later date. Who would have asked for a continuance? What attorney? Mr. Saper could have asked for one at the original sentencing hearing if he found any part of the restitution objectionable. They discussed the amount, the $90,000, and the method and manner of calculation. When the Fourth Addendum was filed on the same day that Mr. Millett was appointed and earlier in the day, since it precedes his — since it follows his appointment, I'm sorry, he was appointed and then the judgment was entered. He wouldn't have known whether the amount computated according to their earnings was going to exceed the amount under the PSR until he saw the calculations, would he? No, sir, Your Honor, but he could have objected at that point. I would also note that Mr. Saper is Mr. Millett's law partner, so it's not as though he was completely ignorant of the proceedings in the case. But in any event, he is appointed to represent Pleitez and that same day the district court enters an amended judgment. I would respectfully submit that if there was an objection to the restitution, the appropriate course would have been to simply file a motion to abate or suspend the notice of appeal and ask for — to reopen sentencing as to restitution only, since everything else had been decided, all the offense-level objections, all the imprisonments. And Mr. Millett was obligated to do that the same day that he was appointed? No, sir. He would have had at least 10 days. He'd have 14 days to file a notice of appeal, so he could have filed any time in that period. He could have filed a motion to have more time to address the Fourth Amendment to the PSR. And when would we have had to have done that? Well, either within the 10-day response time or earlier than allowed for motions and responses or within the 14 days for notice of appeal. But Mr. Saper had already filed a notice of appeal, which is why... But the amended judgment was already entered in the record. The judgment was already entered, but he could have filed a motion to reopen sentencing. Okay. And the original judgment on the 24th of August showed Mr. Pleitas liable for $490 in restitution, but it showed his co-defendants liable for... I forget the number... $89,000, essentially $90,000 in restitution. So he was certainly on constructive notice, if not actual notice, that he might very well be liable for the $90,000 as well. Was any of this restitution collected from any of these defendants? Your Honor, the record does not show. I respectfully submit it's essentially the same as my answer to Judge Davis. I believe that most, if not all, of them are here illegally, and they're all in BOP, and I doubt very seriously that any of it will be collected, unfortunately. Okay, thank you. Thank you very much, Your Honor. Why didn't you take over for your partner? Well, the judge appointed me, of course, but... But he appointed your partner first. I mean, this is informal conversation, because it's not a record. Right, but it is messing up this record, as far as we're concerned, because we're like, oh, my God, he didn't have a lawyer. Oh, he got a brand-new lawyer. Well, what's going on here? He asked me if I would take a look at it, because every time he objected, probation raised the punishment, and Judge Hittner was just going with everything they said. And they... He was not being listened to and being heard. As you see, the court receives a fourth addendum and enters judgment the same day. It is a relevant matter of statutory construction, may it please the Court, that the statute that we're under here relating to restitution, 18 U.S.C. 3664, contemplates a hearing. It says the court shall set a date at which there will be a determination of punishment. But the date might refer to the time frame within which the defendant's lawyer or the defendant can object. Well... I mean, it has to be a date to have a hearing. Let me give you two answers. If I may give you two answers to that, Your Honor. Reading in the statute, subsection E of 3664 discusses resolving any disputes as to the amount of restitution. It allocates the burden of proof. It says the court shall determine the proper amount by preponderance of the evidence. Some burden on the government, some burden on the defense. So I believe that the hearing does... that the statute that we are constructing, construing and applying here contemplates a hearing for a determination of the final sentence. Not that the judge will... Your Honor, if I read 3664, it says after reviewing the report of the probation office, the court may require additional documentation or hear testimony. That's true. That's just above the section I was referring to. The court may have additional hearing or testimony. But the statute clearly says the court shall set a date. Now, to help you with the second argument in support of my position, the government at pages 42 and 43 of their brief cites four cases, Keele, Himmler, Glenn, and Lester, for cases where this court approved the increase in restitution. I read those cases. In each of those cases, the district court set the final restitution at a hearing that the defendant attended represented by counsel. So there is no authority for a court at any time that suits its convenience within a 90-day period resolving these disputes about the amount of restitution that is appropriate. Were those unamended PSRs, the hearings you're referring to, or were they the initial hearing? They were amendments to the initial punishment. I cannot tell you my memory of having read the cases if they said, we have an amended PSR. But they do say that the court deferred hearing determining punishment and then had a hearing at a later date and set the restitution. On restitution? Those are all restitution cases cited in the government's brief at 42 and 43, I believe. I want to add that the court entered its order approving the increase in restitution on September the 6th in Document 291, a single-page order, which was three days before my appointment. I am also want to remind the court Judge Davis commented that he had noticed the defendant's objections to the third addendum that in those objections, Mr. Sanker complained that the $90,000 was not reliable. He said, it is unclear whether the defendant is liable for the $90,110. And what he got as a consequence of that was a fourth addendum that raised the punishment, to which we object because the defendant preserved his right to repeal denial of counsel and because the court did not set a date or let him come to court for the court to decide by a preponderance of the evidence what should be the correct amount of restitution. And for that reason, we'd ask the case be remanded. Your court appointed. I appreciate your service.